Brian C. Wonderlich (ISB #7758)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
Boise, ID 83702
Telephone:  (208) 383-3995
Facsimile:   (208) 392-1632
bcwonderlich@hollandhart.com

Timothy P. Getzoff (*pro hac vice application forthcoming*)
Nadya C. Davis (*pro hac vice application forthcoming*)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone:  (303) 473-2715
Facsimile:  (303) 557-6173
tgetzoff@hollandhart.com
ncdavis@hollandhart.com

Attorneys for Plaintiff Idahoan Foods, LLC


# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IDAHOAN FOODS, LLC, a Delaware limited liability company, | ) ) ) | Case No.  16-CV-5 |
| Plaintiff, | ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) ) | |
| BASIC AMERICAN, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Idahoan Foods, LLC ("Idahoan") for its Complaint against Defendant, Basic

American, Inc. ("Basic American") alleges as follows:

## Nature of the Action

1.      In this action, Idahoan seeks injunctive and monetary relief for acts of trademark

infringement and unfair competition under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.*,

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 1

deceptive advertising under Idaho Code § 48 *et seq.*, and unfair competition under Idaho common law.

2.      Idahoan enjoys senior, nationwide, common law rights in its trademark BUTTERY HOMESTYLE in connection with instant and processed potato products since at least as early as September 2003.  In addition, Idahoan's application for federal registration of the mark BUTTERY HOMESTYLE has been approved by the United States Patent and Trademark Office ("USPTO") and not opposed by any third party (including Basic American) and, therefore, will mature to registration in due course, affording Idahoan all the privileges and benefits afforded by a federal trademark registration.

3.      As the senior, nationwide, common law user of the BUTTERY HOMESTYLE trademark, Idahoan is entitled to a nationwide injunction against Basic American from further infringement of Idahoan's BUTTERY HOMESTYLE trademark, in addition to recovery of Idahoan's damages caused by Basic American's infringement, disgorgement of Basic American's profits obtained as a result of Basic American's infringement, and Idahoan's costs and attorneys' fees associated with this action, including any such costs and fees associated with related case no. 3:15-cv-05838, inappropriately and anticipatorily filed by Basic American and pending (but not yet served) in The Northern District of California (the "California Lawsuit").

### The Parties

4.      Plaintiff Idahoan Foods, LLC is a Delaware limited liability company with its principal place of business at 357 Constitution Way, Idaho Falls, ID 83402.

5.      Upon information and belief, Defendant Basic American, Inc. is a Delaware corporation with its principal place of business at 600 Montgomery Street, San Francisco, CA 94111.  Basic American extensively advertises, sells, and distributes its products nationwide, including in Idaho, and its sales and distributions affect commerce in the United States.

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 2

**Jurisdiction and Venue**

6.      This action arises under § 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*,

Idaho Code § 48 *et seq.*, and Idaho common law.

7.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.

§ 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because

Basic American's contacts with Idaho are sufficient to create personal jurisdiction over Basic

American in Idaho, and because a substantial part of the events giving rise to the claims in this

action occurred within this District.

9.      The Court has personal jurisdiction over Basic American because it extensively

transacts business in and sells products into Idaho and has caused an injury to Idahoan within the

state of Idaho.

**GENERAL ALLEGATIONS**

**Idahoan Has Senior Rights To BUTTERY HOMESTYLE Since 2003**

10.      For over half a century, Idahoan (or its predecessors in title) have manufactured,

distributed, and sold a wide variety of instant, ready-made, flavored, and other dehydrated

potatoes and potato products, made with 100% real Idaho® potatoes.

11.      True to its "field to fork" philosophy with a focus on sustainability, Idahoan's

products are manufactured in a manufacturing plant in the same small town where Idahoan got

its start (Lewisville, pop. 512), and has additional manufacturing in Idaho Falls, Rupert, and

Firth, Idaho.

12.      Today, Idahoan is one of the world's leading producers of dehydrated potato

products, and it employs approximately 700 people during peak season.

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 3

13.     Idahoan manufactures, distributes, and sells its wide variety of instant and ready-made potato products in grocery stores and other retail outlets nationwide.

14.     Since at least September 2003, one of Idahoan's flagship and best-selling products has been its instant mashed potato product marketed and sold under the BUTTERY HOMESTYLE trademark.  A copy of the BUTTERY HOMESTYLE mark, as it appears on Idahoan current packaging for its instant mashed potato pouch product, is set forth below.



15.     Since 2003, Idahoan has used BUTTERY HOMESTYLE as a trademark throughout the United States in connection with the advertising, promotion, and sale of its instant mashed potato products.

16.     From 2003 to the present, Idahoan has expended considerable effort and expense advertising, marketing, and promoting the BUTTERY HOMESTYLE mark and product throughout the United States.  Idahoan's BUTTERY HOMESTYLE potato product is one of the most widely-distributed products in this category and can be found in local, regional and national grocery stores, convenience stores, warehouse stores, and other retail outlets nationwide.

17.     For the last two years, Idahoan's BUTTERY HOMESTYLE product has sold over $45,000,000 each year.  According to Information Resources, Inc. ("IRI"), Idahoan's BUTTERY HOMESTYLE product has ranked as the #1 mashed potato item over the last 52

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 4

weeks.[1]  According to the Nielsen Corporation (A.C. Nielsen), Idahoan's BUTTERY

HOMESTYLE product possessed 19.28% of the market share in 2014 and 21.07% of the market

share in 2015.

18.     Idahoan's BUTTERY HOMESTYLE product sells approximately twice the

volume of Idahoan's next most popular product, representing not only the popularity of the

BUTTERY HOMESTYLE product, but also Idahoan's commitment to investing significantly in

the marketing and promotion of the BUTTERY HOMESTYLE mark.

19.     As a result of Idahoan's long-standing and extensive advertising and sales of its

BUTTERY HOMESTYLE potato product since 2003, coupled with its exclusive use of the

BUTTERY HOMESTYLE trademark for potato products for such an extended period of time,

the BUTTERY HOMESTYLE mark has acquired distinctiveness (i.e., secondary meaning) as an

indicator of source for Idahoan's instant and ready-made potato product.

20.     Idahoan possesses and enjoys considerable goodwill in the BUTTERY

HOMESTYLE mark, which represents a valuable asset in identifying the goods sold under the

mark.

21.     Idahoan's exclusive rights to the BUTTERY HOMESTYLE trademark by virtue

of its acquired distinctiveness occurred well before Defendant's plans for, adoption of, and

recent use of its infringing BUTTERY HOMESTYLE mark on a directly competing product.

### Idahoan's Application To Register BUTTERY HOMESTYLE with the USPTO

22.     Idahoan owns U.S. Trademark Application Serial No. 86646296 for the

BUTTERY HOMESTYLE mark covering "instant potatoes; processed potatoes; dehydrated

potatoes; processed and dehydrated potatoes" in Class 29 ("Idahoan's Application").  A true and

correct copy of Idahoan's Application is attached as **Exhibit A**.

---

[1] Data gathered from traditional grocery stores, Walmart, and Sam's Club.

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 5

23.     Idahoan's Application was filed on May 29, 2015 and assigned Serial No. 86646296.  By Office Action dated August 23, 2015, the Examining Attorney for the USPTO noted the merely descriptive nature of the terms "BUTTERY" and  "HOMESTYLE," but explained that the BUTTERY HOMESTYLE mark is nevertheless eligible for registration— meaning it is capable of serving as a unique identifier of source and quality of goods—so long as it has "acquired distinctiveness" though substantially exclusive and continuous use for at least five years, pursuant to Section 2(f) of the Trademark Act, 15 U.S.C. § 1052(f) ("Section 2(f)").

24.     In response, on August 24, 2015, Idahoan submitted a Section 2(f) Declaration of its substantially exclusive and continuous use of BUTTERY HOMESTYLE for at least five years, which the Examining Attorney accepted as sufficient evidence of acquired distinctiveness in the BUTTERY HOMESTYLE mark.

25.     Notably, pursuant to the Trademark Manual of Examining Procedure ("TMEP"), the Examining Attorney need not have simply accepted Idahoan's Section 2(f) Declaration without issue.  Rather, the Examining Attorney still could have refused registration if she found that the mark is generic (in which case a claim of acquired distinctiveness would be insufficient), or she could have found that Idahoan's Declaration was unpersuasive and required additional documentary proof regarding the claim (*i.e.*, evidence of amounts spent on marketing and advertising, consumer survey evidence, evidence of sales, etc.).  *See* TMEP §§ 1209.02(a)(ii); 1212.01; 1212.02(g).

26.     "The amount and character of evidence required to establish acquired distinctiveness depends on the facts of each case and particularly on the nature of the mark sought to be registered.  Typically, more evidence is required where a mark is so highly descriptive that purchasers seeing the matter in relation to the named goods or services would be

less likely to believe that it indicates source in any one party." TMEP § 1212.01 (internal

quotation omitted); § 1212.05(a) ("the greater the degree of descriptiveness the term has, the

heavier the burden to prove it has attained secondary meaning").

27.      The fact that the Examining Attorney accepted Idahoan's Section 2(f) Declaration

without additional evidence or argument means the USPTO determined that:  (1) Idahoan has

been substantially and continuously using BUTTERY HOMESTYLE *as a trademark* for at least

five years; (2) the BUTTERY HOMESTYLE mark is neither generic nor "highly descriptive";

and (3) the BUTTERY HOMESTYLE mark is capable of acquiring distinctiveness, attaining

secondary meaning, and serving as a source-identifier.  *Id.* § 1209.02(a)(ii); § 1212.05(c).

28.      Having been approved by the Examining Attorney for publication, on November

3, 2015, Idahoan's Application published in the Official Gazette, giving any interested third

party thirty (30) days in which to oppose registration of the mark.  Neither Basic American nor

any other third party filed such an opposition, and the opposition period has now closed.

### Basic American Adopts The BUTTERY HOME-STYLE Mark
### For a Directly Competing Product

29.      Upon information and belief, sometime in 2015 Basic American began using the

virtually identical mark BUTTERY HOME-STYLE in connection with a directly competing

dehydrated potato products (the "Infringing Mark").

30.      Basic American is not, and never has been, authorized to use the BUTTERY

HOMESTYLE mark, or any confusingly-similar derivation thereof.

31.      Not only is Basic American using a virtually identical mark to market and sell

directly competing products, but it is also using the Infringing Mark in connection with a red and

beige trade dress that employs the same typeface as Idahoan's trade dress, as set forth below

(Basic American's package is on the right):

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 7




32.     Upon information and belief, Basic American is marketing its potato products under the Infringing Mark to local and national grocery stores and other outlets—the same channels of trade through which Idahoan primarily sells its potato products under its senior BUTTERY HOMESTYLE mark.

33.     On December 8, 2015, Idahoan sent a letter to Basic American, explaining its senior rights in the BUTTERY HOMESTYLE mark and demanding that Basic American cease use of the Infringing Mark, and requested a response by December 18, 2015.

34.     Rather than respond to the letter, on the same day that Idahoan requested a response Basic American instead filed an anticipatory lawsuit in the United States District Court for the Northern District of California, Case No. 3:15-cv-05838, seeking a declaratory judgment that the Infringing Mark does not infringe and that Idahoan is not entitled to registration of the BUTTERY HOMESTYLE mark.  A true and correct copy of the Complaint in the California Lawsuit is attached as **Exhibit B**.[2]

---

[2] Basic American's California Lawsuit was improperly and anticipatorily filed in California in an effort to "forum shop."  Idahoan intends to seek dismissal of the California Lawsuit on that basis.

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 8

35.     Basic American argues in its Complaint that Idahoan's BUTTERY HOMESTYLE mark is merely descriptive and cannot serve as a source-identifier.  But Basic American's own actions and arguments before the USPTO belie its current position.

36.     Basic American is no stranger to claiming trademark rights and exclusivity over combinations of seemingly descriptive terms.  It currently owns U.S. Trademark Registrations for AUTOMASH (Reg. No. 1335727 for use with "dehydrated mashed potato mix"); CLASSIC CASSEROLE (Reg. No. 1237521 for use with "dehydrated potatoes"); EASY MASH'D (Reg. No. 2820492 for use with "dehydrated potatoes"); REDI-SHRED (Reg. No. 922874 for use with "dehydrated hashbrown potato mixtures"); and WHIPP (Reg. No. 3238200 for use with "processed potatoes").

37.     In fact, as recently as February 2012, Basic American attempted to federally register the mark IDAHO® SPUDS (Serial No. 85552974), claiming that the mark had acquired distinctiveness through substantially exclusive and continuous use in commerce, under Section 2(f).  Basic American attached a Declaration of Matthew Riley, Vice President of the Consumer Foods division of Basic American, attesting to these facts.  (Attached as **Exhibit C**).

38.     A few months later, Basic American expressly abandoned this application.  Yet, it still uses the TM symbol next to SPUDS (including in Paragraph 12 of the Complaint in the California Lawsuit), indicating that Basic American believes it can claim exclusive trademark rights to that term when referring to potato products, despite the fact that in the United States potatoes are commonly referred to as "spuds."

39.     Despite its own practice of registering and claiming exclusive ownership over various seemingly descriptive terms based on a claim of acquired distinctiveness—the exact same basis on which Idahoan asserts rights to BUTTERY HOMESTYLE—Basic American now

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 9

seeks to disregard the USPTO's independent conclusions and disavow the concept of acquired distinctiveness as it applies to the BUTTERY HOMESTYLE mark.

40.     Upon information and belief, Basic American began using the Infringing Mark relatively recently and, in any event, well after Idahoan had obtained acquired distinctiveness in the BUTTERY HOMESTYLE mark as a result its long-standing and exclusive use of the mark. Upon information and belief, Basic American is still using the Infringing Mark, together with trade dress that is confusingly similar to Idahoan's BUTTERY HOMESTYLE trade dress.

41.     Basic American's actions have caused, and will continue to cause, Idahoan monetary, reputational, and other damages.

42.     Upon information and belief, Basic American will continue to infringe Idahoan's trademark rights unless restrained and enjoyed by this Court.

43.     Upon information and belief, Basic American's acts are and were knowingly, deliberately, and intentionally carried out in bad faith, or with a reckless disregard for, or with a willful blindness to Idahoan's  rights, for the purpose of causing confusion and/or trading on Idahoan's reputation, goodwill, and its valuable intellectual property rights.

44.     Upon information and belief, Basic American has profited, and will continue to profit, from its unauthorized use of the Infringing Marks.

45.     The intentional nature of Basic American's unlawful acts renders this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and justifies an award of disgorgement of Basic American's profits as well as Idahoan's damages and attorneys' fees and costs incurred in this action and the California Lawsuit, along with appropriate trebling and prejudgment interest under 15 U.S.C. § 1117 and applicable state statutory and common law.

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 10

## COUNT I
### Federal Unfair Competition
### 15 U.S.C. § 1125(a)

46.     Idahoan realleges the allegations contained in each of the paragraphs above.

47.     By virtue of its nationwide, continuous use of the BUTTERY HOMESTYLE mark, Idahoan obtained nationwide, common law rights to the BUTTERY HOMESTYLE mark throughout the United States well prior to Basic American's first use of the Infringing Mark.

48.     Well prior to Basic American's first use of the Infringing Mark, the BUTTERY HOMESTYLE mark has acquired distinctiveness through Idahoan's continuous and extensive use of the mark in connection with the sale and promotion of its instant and ready-made potato products nationwide.

49.     Basic American's unauthorized marketing and sale of directly competing potato products under the Infringing Mark is likely to cause confusion, mistake, or deception as to the source or origin of Basic American's products, or the affiliation, sponsorship, or other relationship between the parties in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Basic American's conduct also constitutes an attempt to trade on the goodwill that Idahoan has developed in the BUTTERY HOMESTYLE mark.

51.     By virtue of Basic American's unauthorized use of the Infringing Mark, Idahoan has suffered injury and monetary damages in the form of lost sales, loss of good will, loss of market share, and other losses in amounts that will be proven at trial.

52.     In addition, Basic American has caused Idahoan irreparable harm and injury and will continue to do so unless restrained and enjoined by this Court.  Idahoan has no adequate remedy at law.

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 11

## COUNT II
### Deceptive Advertising Under Idaho Statute
#### Idaho Code Ann. § 48-412

53.     Idahoan realleges the allegations contained in each of the paragraphs above.

54.     This is a claim for deceptive advertising, arising from Basic American's unlawful acts, including, without limitation, making false and misleading representations or descriptions of fact by suggesting it is affiliated with, approved by, or licensed by Idahoan, which is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Basic American's goods in violation of Idaho Code Ann. § 48-412.

55.     Basic American's conduct also constitutes an attempt to trade on the goodwill that Idahoan has developed in the BUTTERY HOMESTYLE mark.

56.     By virtue of Basic American's unauthorized use of the Infringing Mark, Idahoan has suffered injury and monetary damages in the form of lost sales, loss of goodwill, loss of market share, and other losses in amounts that will be proven at trial.

57.     In addition, Basic American has caused Idahoan irreparable harm and injury and will continue to do so unless restrained and enjoined by this Court.  Idahoan has no adequate remedy at law.

## COUNT III
### Unfair Competition
#### Idaho Common Law

58.     Idahoan realleges the allegations contained in each of the paragraphs above.

59.     This is a claim for common law unfair competition.  Basic American's conduct misappropriates Idahoan's valuable intellectual property rights and falsely trades on the goodwill symbolized by the BUTTERY HOMESTYLE mark, and is thereby likely to cause confusion or deception.

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 12

60.     Basic American has engaged in unfair competition in violation of the common law of unfair competition of the state of Idaho.

61.     Basic American's conduct constitutes an attempt to trade on the goodwill that Idahoan has developed in the BUTTERY HOMESTYLE mark.

62.     By virtue of Basic American's unauthorized use of the Infringing Mark, Idahoan has suffered injury and monetary damages in the form of lost sales, loss of goodwill, loss of market share, and other losses in amounts that will be proven at trial.

63.     In addition, Basic American has caused Idahoan irreparable harm and injury and will continue to do so unless restrained and enjoined by this Court.  Idahoan has no adequate remedy at law.

## Prayer for Relief

WHEREFORE, Idahoan requests that this Court:

1.     Grant injunctive relief enjoining Basic American and its principals, agents, servants, employees, successors, and assigns, and all those in privity, acting in concert, or in participation with it from:

    i.     imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of BUTTERY HOME-STYLE or any other marks confusingly similar to the BUTTERY HOMESTYLE mark, including but not limited to the Infringing Mark;

    ii.     using any unauthorized copy or colorable imitation of the BUTTERY HOMESTYLE mark, or false designation of origin or description, in such fashion as is likely to relate or connect Basic American with Idahoan or cause confusion;

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 13

vi.      engaging in any other activity constituting false advertisement, unfair competition, or infringement of the BUTTERY HOMESTYLE mark or Idahoan's rights in, or to use, or to exploit the same; and

vii. assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i) – (vi) above.

2.      Find that Basic American is liable for the causes of action alleged against it in this Complaint;

3.      If not already registered by the USPTO, find that Idahoan's Application No. 86646296 should mature to registration and direct the United States Commissioner of Trademarks to issue said registration;

4.      Grant an order requiring Basic American and its principals, agents, servants, employees, successors, and assigns of and all those in privity, acting in concert, or in participation with Basic American who receive actual notice of said order to deliver up, or at Idahoan's election certify the destruction of, all signs, articles, promotional, advertising, and any other printed materials of any kind bearing the Infringing Mark and any mark confusingly similar to the BUTTERY HOMESTYLE mark;

5.      Find Basic American liable and award to Idahoan monetary damages in an amount to be fixed by the Court in its discretion as just including, but not limited to, all of the Basic American's profits or gains of any kind resulting from Basic American's infringement and/or acts of unfair competition, and any damages Idahoan suffered as a result of Basic American's actions pursuant to 15 U.S.C. § 1117(a) and Idahoan's costs, exemplary damages, and reasonable attorney's fees in view of the intentional nature of the acts complained of in this

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 14

Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a), and

applicable common law, state statute and federal law;

6.      Order an accounting of Basic American's sales, advertising, and promotion of,

and profits from its BUTTERY HOME-STYLE product, and of any of its products confusingly

similar to BUTTER HOMESTYLE, and to disgorge and deliver all such profits to Idahoan;

7.      Award Idahoan pre- and post-judgment interest on any monetary award made part

of the judgment against Basic American; and

8.      Grant to Idahoan such other and further relief as the Court may deem just, proper,

and equitable under the circumstances.

### Jury Demand

Idahoan demands a trial by jury on all issues so triable.

DATED this 6th day of January, 2016.

HOLLAND & HART LLP


By  /s/ Brian C. Wonderlich
        Brian C. Wonderlich
        Timothy P. Getzoff (*pro hac vice application forthcoming*)
        Nadya C. Davis (*pro hac vice application forthcoming*)

        Attorneys for Idahoan Foods, LLC

8362747_3.docx

**COMPLAINT AND DEMAND FOR JURY TRIAL -** 15